# SUPREME JUDICIAL COURT

###### FOR THE

## COUNTY OF MIDDLESEX, OCTOBER TERM 1833, AT CAMBRIDGE.

###### PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM, ⎫
Hon. SAMUEL S. WILDE, ⎬ Justices
Hon. MARCUS MORTON, ⎭

## CHARLES PARKER *versus* ABRAHAM BIGLOW.

In an action upon a promissory note, on which usurious interest had been taken and reserved, it was *held*, that, under *St.* 1826, *c.* 27, the interest reserved was to be computed to the time of the verdict and to be added to the principal; that from this amount was to be deducted threefold the whole interest taken and reserved, computed as above; and that the plaintiff was entitled to judgment for the balance, with interest thereon from the time of finding the verdict to the time of rendering the judgment.

What would have been the effect of fraudulent conduct on the part of the defendant, or of unnecessary delay caused by him, for the purpose of increasing the forfeiture, *quære.*

Upon a case stated it appeared, that on October 28, 1828, the plaintiff lent to the defendant the sum of $295, and took his promissory note for the sum of $300, payable on demand with interest; that on December 25, 1828, the plaintiff agreed to lend the defendant the sum of $500 for one year, and thereupon delivered to him $170 in cash and the note for $300

and took the defendant's note for $500 payable on demand with interest, together with the defendant's receipt in full of an account, amounting to the sum of $2, which was due from the plaintiff to the defendant, for wool. The last mentioned note was the cause of the present action.

The writ was served in July 1829.

The Court were to render the same judgment, as if these facts had been found by the jury on December 22, 1830.

The case was argued in writing.

*H. Mann* for the plaintiff. We claim the principal sum lent on December 25, 1828, with lawful interest thereon to the time of the rendition of the judgment, deducting threefold the interest reserved and accruing upon the note to the time of the service of the writ only. The words "forbearing or giving day of payment," used in the *St.* 1825, *c.* 143, restraining the taking of usury, can mean nothing but a forbearing or giving day of payment, which is voluntary, and in pursuance of a *contract*; for an *involuntary* or *compulsory* forbearance (if that be not a solecism in terms) can be no offence. How long then did the plaintiff transgress the law? We say, from the date of the note till the time of service of the writ. The accumulating forfeiture terminated therefore upon the service of the writ. This construction of *St.* 1826, *c.* 27, graduates the penalty according to the aggravation of the offence, with precision. If the defendant had fulfilled his promise and held the plaintiff to all the rigors of the statute, when the demand of payment was made by the service of the writ, he would have paid him a sum equal to the principal lent, with lawful interest thereon, deducting threefold the usury which had then accrued or been reserved; if the plaintiff forfeits also threefold the interest accruing between the service of the writ, and the rendering of the verdict or the rendition of judgment, the defendant will gain by the violation of his own contract; and a most impolitic temptation will be held out to him to postpone the decision by improper means. *Robinson* v. *Bland*, 2 Burr. 1088.

The principles adopted in the following cases are applicable to this action. *Powell* v. *Farmer*, Peake's Cas. 57; *Holland* v. *Duffin*, Peake's Cas. 58; *Crepps* v. *Durden*, Cowper, 640; *Brooke* v. *Milliken*, 3 T. R. 509.

In making a usurious contract, the lender demands not on. what he considers an equivalent for the use of the money lent; but also what he considers to be a fair compensation for the risk of being subjected to the penalties of usury. When, therefore, the borrower violates his contract by refusing payment, and by setting up the defence of usury to an action instituted upon the contract, the lender has incurred the entire risk. That which was before a hazard, has now become a *certain* loss, and the very elements of a usurious contract, *as to the future*, are no longer in existence.

Unless interest is allowed to the plaintiff on this note, he will lose fourfold the interest, instead of threefold.

*T. Bigelow*, for the defendant, cited as to the amount of the forfeiture, *Brigham* v. *Marean*, 7 Pick. 40.

MORTON J. drew up the opinion of the Court. The facts in this case clearly show the note to be usurious. Indeed the usury is admitted, and the only question presented for our consideration is the amount for which the plaintiffs shall have judgment.

This must depend upon the proper construction of *St.* 1826, *c.* 27, under which this contract was made and by which it must be governed.

By the first section of that statute it is provided, " that whenever, in any action brought on any contract or assurance for the payment of money, it shall appear to the court, before which such action shall be tried, that a greater rate of interest shall have been directly or indirectly reserved or taken, than is allowed " by *St.* 1825, *c.* 143, " the defendant shall recover his full costs, and the plaintiff shall forfeit threefold the amount of the whole interest reserved or taken, and shall have judgment and execution for the balance only, which may remain due upon said contract or assurance, after deducting threefold the amount of said interest ; and whenever a greater rate of interest shall have been *paid* than as aforesaid, a remedy shall accrue to recover back threefold the amount of the whole interest paid."

Under this provision it will be proper to inquire, what is the amount of the forfeiture incurred, and from what sum that forfeiture is to be deducted to ascertain the balance for which

.he plaintiff is to have judgment. The plaintiff shall forfeit threefold the amount of the whole interest reserved or taken. How much interest did the plaintiff reserve or take ? How much money did the plaintiff lend, for which he received a note for $ 500 ? The statement of facts shows that he advanced, on October 28, 1828, $ 295·00, and on December 25, 1828, $ 168·00 more, after deducting $2.00 for the account due from the plaintiff to the defendant, making the sum of $ 463·00 for which the note in suit was given, leaving a deficiency of $ 37·00, which was in effect received by the plaintiff as usury. To this sum must be added the interest on the note, and the amount trebled.

But up to what time shall this interest be computed ? Shall it be for the year during which the plaintiff agreed to give a credit on the loan ? Shall it be till the time when this suit was commenced ? Shall it extend up to the time of trial ? Or shall it be prolonged until the rendition of the judgment ? It is very clear it cannot be the latter. It is agreed, that the statement of facts shall be treated as the verdict of a jury. And in no sense can interest on the verdict, which is allowed in the nature of damages for the detention, up to the rendition of final judgment, be considered as interest reserved or taken on the original contract. It is computed on a different sum and in some cases may be at a different rate. Besides, it would be unreasonable to subject the plaintiff to a penalty for the delay of the court in rendering judgment on the verdict.

It is also equally clear, that the time cannot be limited to one year, because, whatever might have been the conversation between the parties and their expectation as to the delay of payment, the note, which is the only legal evidence of the contract, is payable on demand.

Shall the interest be computed to the time of the verdict, or shall it stop at the time of the demand, which was the commencement of the action ? It is contended by the plaintiff that it must be the latter, because the offence consists in the voluntary forbearance and giving day of payment ; that after the plaintiff had commenced his action, the delay was occasioned by the misconduct of the defendant and without any default of the plaintiff ; that to allow the defendant the benefit of the

treble interest during the pendency of the suit, would afford to him strong inducements to procrastinate the decision, and enable him to punish the plaintiff for his own misconduct. This objection appears to have some weight and is deserving of consideration.

It is to be remarked, in the first place, that in this case the defendant has not sought or obtained any unnecessary delay On the contrary, the plaintiff has brought the case to this Court by appeal. And the facts have been agreed at the first term and as soon as the cause could be reached for trial by the jury. What would be the effect of fraudulent conduct on the part of the defendant, or of delay procured by him for the purpose of increasing the forfeiture, we have no occasion now to determine, and the case is not embarrassed by any consideration of the kind. The parties proceeded to have their rights determined with reasonable expedition, and the defendant only exercised his legal rights in making this defence.

This question must turn upon the true construction of the statute. The plaintiff shall forfeit *threefold* the amount of the interest reserved by his contract or assurance. How much was reserved by the contract ? We think it was the amount of interest calculated upon the note from its date up to the time when the amount due on the note was ascertained by the verdict of the jury. If the note had been paid by the defendant, the amount of interest reserved would be ascertained by computing the interest on the note from its date to the time of payment. In the case at bar a suit was instituted to compel payment ; the defendant made a defence against the suit, which he lawfully might do, and which is fully sustained to the extent to which it is made. And the parties proceeded with reasonable diligence to determine their disputed rights. When they are determined, the balance which is legally due from the defendant to the plaintiff is ascertained. Up to this time the plaintiff, by virtue of his contract, recovers interest on the face of it. And we are of opinion, that the amount of the interest to be trebled is to be computed on the note from its date to the time of the verdict, or, in this case, to the finding of the facts which is a substitute for the verdict. And this construction is necessary to give effect to the statute. Did the in-

terest cease on the commencement of the action, or a demand of payment, the statute would be easily evaded, and, instead of preventing, it would be a great encouragement to usury. A usurious note is not void. If the usurer reserved twenty per cent. or any other high rate of interest on a note payable on demand, and the next day or week put it in suit or made a demand, all he would lose would be threefold the interest for a day or week; while he might recover on the contract the exorbitant interest reserved in it, for a length of time, which might depend on the ability of the borrower to meet the demand. Such a construction is unreasonable and subversive of the object of the statute.

By the above rule, to the sum first stated, of $ 37·00, must be added the interest on the note from December 25, 1828, to December 22, 1830, amounting to $ 59·75, making in the whole $ 96·75, which being trebled amounts to $ 290·25. This is the amount of the forfeiture. From what sum shall this be deducted? We think from the note and interest computed as before stated. The plaintiff shall have judgment for the balance which shall remain due on the contract after deducting threefold the interest. The contract is a valid one notwithstanding the usury, and the promise contained in it is to be fully enforced. This promise is to pay $ 500, with interest, which is $ 59·75 and makes the whole amount to $ 559·75. Deducting from this, $ 290·25 as before stated, leaves a balance of $ 269·50 due to the plaintiff This is the sum for which a verdict would have been rendered. But as judgment has been suspended, interest must be computed from the time when the verdict should have been rendered, up to the time of the rendition of judgment. That this is the true rule is made more manifest, by comparing this clause of the statute with the next subsequent one. Suppose the defendant had paid the note and interest and sued for the forfeiture; he would most clearly have recovered threefold the interest paid; which would produce the same result as is above stated. To deprive the plaintiff of the interest on his note before the forfeiture is deducted, would be to subject him to a penalty of *fourfold* the interest reserved, instead of *threefold*. And we can entertain no doubt, that it was the intention of the legislature that the

<div style="float:left">Parker<br>*v.*<br>Biglow.</div>

usurer should be punished for his usury by a forfeiture of all the interest reserved, and of double the amount thereof in addition thereto.

These principles are sustained throughout by the case of *Brigham* v. *Marean*, 7 Pick. 40.   By the statute the defendant is entitled to recover costs.